UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAVEN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-136 CAS |
| GREGORY SAMUEL FOSTER, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Raven Jones's motion for entry of default judgment against defendant Gregory Samuel Foster, and for attorneys' fees. Plaintiff's motion is accompanied by an affidavit. For the following reasons, the Court will grant plaintiff default judgment in the amount of $200.00, and award attorney's fees and costs in the amount of $1,350.00.

*I. Background*

On January 25, 2012, plaintiff filed a complaint against Gregory Samuel Foster, alleging violations under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692, et seq. According to the complaint, plaintiff incurred a consumer debt, and defendant was retained to collect the debt. Plaintiff avers that on or about January 25, 2011, defendant left a message on her cellular telephone message system in an effort to collect on the debt. In his message, defendant failed to advise plaintiff that he was a debt collector attempting to collect a debt. Plaintiff alleges this is a violation of the Act. For relief, plaintiff seeks statutory damages, as well as attorney's fees and costs.

Defendant was served with summons and the complaint on February 1, 2012. Defendant did not answer or otherwise respond to the complaint. On August 30, 2012, the Clerk of Court entered

a default against defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Doc. 10. On November 28, plaintiff filed for default judgment. In her motion for default judgment, plaintiff seeks $1,000.00 in statutory damages and $1,000.00 in attorney's fees against defendant.

## *II. Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2012); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor,

2

859 F.2d at 1333 n.7).  Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true."  Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty.  Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiff made in her complaint as true, except for those allegations as to the amount of damages, and finds plaintiff is entitled to default judgment under the FDCPA.  Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted). The FDCPA "is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage."  Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (quoting 15 U.S.C. § 1692e and Peters v. General Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)).  Defendant violated 15 U.S.C. §§ 1692e(11) and 1692f by failing to advise plaintiff that he was a debt collector in a pre-recorded message left on plaintiff's cellular answering system.  A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt", including failing "to disclose . . . in [the] initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).  According to the complaint, because defendant failed to disclose the nature and purpose in the pre-recorded message left on plaintiff's cellular telephone voice messaging system, he caused plaintiff to incur charges for listening to the message and/or returning the telephone call to discover the nature of the call, in violation of 15 U.S.C. §1692f(5).  Accepting the allegations in the complaint as true, the Court finds defendant has violated provisions of the FDCPA.  15 U.S.C. §§ 1692, et seq.

### *III. Damages and Fees*

As for damages, plaintiff seeks $1,000.00 in statutory damages, and $1,000.00 in attorney's fees. Plaintiff filed an affidavit in support of her fee request.

Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff and "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k (a)(1) and (2)(A). Here, plaintiff has not requested actual damages. Instead she is only requesting statutory damages. In determining the amount of liability under subsection (a)(2)(A), the Court is to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." §1692k (b)(1). Based on the facts set forth in the complaint, including that there was only one telephone call, the Court will award plaintiff $200.00 in statutory damages.

The FDCPA also provides for attorney's fees and costs. §1692k (a)(3). According to the documentation provided to the Court, plaintiff has incurred $1,000.00 in attorney's fees in pursuit of this action. The Court finds the attorney's fees that plaintiff has documented she incurred were necessary and reasonable. <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). The Court will also award plaintiff the cost of the filing fee in the amount of $350.00. Thus, plaintiff is entitled to attorney's fees in the amount of $1,000.00 and costs in the amount of $350.00.

### *IV. Conclusion*

In sum, the Court finds plaintiff is entitled to the entry of default judgment against Gregory Samuel Foster, in the amount of $200.00, together with attorney's fees and costs in the amount of $1,350.00, for a total judgment of $1,550.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Raven Jones's motion for default judgment against defendant Gregory Samuel Foster, is **GRANTED**.  [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff Raven Jones is awarded statutory damages in the amount of Two Hundred Dollars ($200.00) against defendant Gregory Samuel Foster.

**IT IS FURTHER ORDERED** that plaintiff Raven Jones is entitled to attorney's fees in the amount of One Thousand Dollars ($1,000.00), and costs in the amount of Three Hundred Fifty Dollars ($350.00).

An appropriate judgment will accompany this memorandum and order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   12th   day of February, 2013.